**ORIGINAL**

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

CRIMINAL NO. 4:11-CR-22-RLV

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant JESSE VIOLANTE, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. JESSE VIOLANTE, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count One thereof.

## I. ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count One of the Indictment.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did

not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

As to Count One

(a)   Maximum term of imprisonment: 20 years.

(b)   Mandatory minimum term of imprisonment: None.

(c) Term of supervised release: 3 year(s) to Life.

(d) Maximum fine: $1,000,000, due and payable immediately.

(e) Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

(f) Mandatory special assessment: $100.00, due and payable immediately.

(g) Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV. PLEA AGREEMENT

The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the

3

Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

## No Additional Charges

The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Sentencing Guidelines Recommendations

**Base/Adjusted Offense Level Recommendations**

Based upon the evidence currently known to the Government, the Government will recommend the following applications of the Sentencing Guidelines:

Count One: Drug Trafficking conspiracy

(a)   The applicable offense guidelines is Section 2D1.1.

(b)   The criminal activity undertaken by the Defendant and others acting in concert with involved 61,908 (30 mg) and 10,564 (15 mg) pills of Oxycodone, all of which was reasonably foreseeable to the Defendant, resulting in a Guidelines Total Offense level of 36.

(c)   A two-level increase pursuant to Specific Offense Characteristic Section 2D1.1(b)12) (maintaining premise).

**Role in the Offense Adjustments--Recommendations**

Based upon the evidence currently known to the Government, the Government will recommend the following applications of the Sentencing Guidelines:

4

  (a) That Defendant not receive an upward adjustment pursuant to Section 3B1.1.

**Acceptance of Responsibility**

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

**Safety Valve**

Based upon the information currently known to the Government, the Government agrees to recommend that the Defendant's offense level be decreased by 2 levels pursuant to Sections 2D1.1(b)(16) and 5C1.2 of the Sentencing Guidelines. However, if the Government determines that the Defendant has failed to comply with Section 5C1.2(a)(5), the Government will not be required to make this recommendation. In addition, the Defendant understands that the Court will determine whether Defendant meets each of the criteria set forth in Sections 2D1.1(b)(16) and 5C1.2, and if the Court determines that the Defendant fails to meet any of those criteria, the Government will not be required to make this recommendation.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

### Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Cooperation

**General Requirements**

The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

(a) producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

(b) making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

(c) responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses;

(d) when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees that Defendant will not engage in any investigation that is not specifically authorized by the Government.

**Section 1B1.8 Protection**

Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline range, although

such information may be disclosed to the Probation Office and the Court. The Government also agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, based on any information provided by the Defendant in connection with cooperation that was not known to the Government prior to the cooperation. However, if the Government determines that the Defendant has not been completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all information Defendant has provided may be used against Defendant in such a prosecution.

**Conditional Section 5K/Rule 35 Motion**

The Government agrees to make the extent of the Defendant's cooperation known to the sentencing court. In addition, if the cooperation is completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines, the Government will file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will file a motion for reduction of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Good faith efforts by the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. The Defendant also understands that, should the Government decide to file a motion pursuant to this paragraph, the

Government may recommend any specific sentence, and the final decision as to what credit, if any, the Defendant should receive for Defendant's cooperation will be determined by the Court. If the Defendant fails to cooperate truthfully and completely, or if the Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this paragraph.

**Consent to Contact**

The Defendant and Defendant's counsel agree that Government attorneys and law enforcement agents may contact the Defendant without notifying and outside the presence of Defendant's counsel for purposes relevant to the Defendant's cooperation.

## Sentencing Recommendations

**Downward Variance Recommendation**

In recognition of the significant litigation risks to the Government avoided by the Defendant entering into this plea agreement, the Government recommends an additional four (4) level downward variance from the Adjusted Offense Level.

**Specific Sentence Recommendation**

The Government agrees to recommend that the Defendant be sentenced to the low end of the Guidelines.

**Fine--No Recommendation**

The Government agrees to make no specific recommendation as to the fine to be imposed on the Defendant within the applicable guideline range.

**Forfeiture**

The Defendant agrees to the forfeiture of any and all interest in any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense or was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense in Count One of the Indictment to which the Defendant is pleading guilty, including but not limited to the following:

a.   BANK ACCOUNTS: All United States currency funds or other monetary instruments, including interest, credited to the following accounts:

| *ACCOUNT HOLDER* | *AMOUNT SEIZED* | *BANK, ACCOUNT NO.* |
|---|---|---|
| Atlanta Medical Group Inc | $55,301.03 | SunTrust Bank, X-0975 |
| Crownroland Corporation | $4,707.32 | SunTrust Bank, X-1924 |
| Roland Castellanos or Daniel Sirgany | $501.99 | SunTrust Bank, X-1916 |
| Votrobek Investments | $9,529.69 | SunTrust Bank, X-9086 |
| Microbrewed Fertilizer LLC | $10,082.16 | SunTrust Bank, X-3484 |
| JJR Pharmacy Inc. | $66,161.11 | SunTrust Bank, X-0397 |
| Violante Investments & Leasing | $29,324.33 | Wells Fargo Bank, X-8867 |
| JV Industries & Motorsports LLC | $3,833.65 | Wells Fargo Bank, X-5786 |
| Jesse Violante | $9,920.46 | Wells Fargo Bank, X-8373 |
| Dr James Earl Chapman | $11,688.99 | Bank of America, X-6727 |

b.   CONVEYANCES

| *MAKE* | *YEAR* | *MODEL* | *VIN* |
|---|---|---|---|
| Infiniti | 2007 | FX35 | JNRAS08U77X101723 |
| GMC | 2010 | Yukon | 1GKMCCE31AR162542 |
| Acura | 2009 | TL | 19UUA86549A011902 |
| Mercedes | 2007 | S550 | WDDNG71X87A141415 |

| Chevrolet | 2008 | Silverado | 1GCJK33638F124577 |

c. CURRENCY

    i) $305,146.00 in U.S. currency seized from 336 14th Avenue, Vero Beach, Florida, on or about June 7, 2011.

    ii) $256,020.00 of $276,020.00 in U.S. currency seized from 10680 134th Court, Fellsmere, Florida, on or about June 7, 2011. The remaining $20,000 shall be released to the Defendant upon the completion of the forfeiture of the $256,020.00.

    iii) $21,302.31 in U.S. currency seized from the Atlanta Medical Group clinic in Cartersville, Georgia, on June 7, 2011.

    iv) $40,000.00 in U.S. currency seized from a truck owned by David Votrobek in Lynnville, Tennessee, on June 7, 2011.

d. REAL PROPERTY: All those lots or parcels of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, commonly known as:

    i) 336 14th Avenue, Vero Beach, Indian River County, Florida;

    ii) 8955 103rd Avenue, Vero Beach, Indian River County, Florida;

    iii) 1158 Oakcliff Road, Macon, Bibb County, Georgia.

e. PERSONAL PROPERTY: One Gent's Tag Heuer Grand Carrera Watch, seized at 2100 Shiloh Valley Drive, apartment 1418, Kennesaw, Georgia, on or about June 7, 2011.

The Defendant acknowledges that he is not entitled to use forfeited assets to satisfy any tax obligations, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

By entering this plea of guilty, the Defendant hereby agrees to withdraw his previously filed claim in Northern District of Georgia civil case no. 4:11-CV-0287-HLM, and to the immediate entry of a judgment and order of forfeiture in which all of the defendant funds and property in case 4:11-CV-0287-HLM that were claimed by the Defendant are forfeited to the United States, to wit, $256,020.00 of $276,020.00 in United States currency; $29,324.33 seized from Wells Fargo Bank account no. X-8867; $3,833.65 seized from Wells Fargo Bank account no. X-5786; and $9,920.46 seized from Wells Fargo Bank account no. X-8373.

The Defendant further consents to the Court lifting the stay entered in case 4:11-CV-0287-HLM on February 7, 2012, and the Defendant understands that a judgment and order of forfeiture will be entered in favor of the United States immediately and without need of any further consent by him or any other party.

In addition, the Defendant voluntarily waives and abandons his interest in all property of any kind seized or forfeited in connection with this case and all such property seized and forfeited, either administratively, civilly or criminally. The Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or disposal of such property. The Defendant acknowledges that the United States will dispose of such property and that procedures governing such disposal are for the benefit of the United States and do not confer any rights whatsoever upon him. The Defendant further agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, habeas corpus, or any other means) to any disposal of such property carried out in accordance with this Plea Agreement, in case 4:11-CV-0287-HLM, or on any grounds.

The Government agrees that it shall release $20,000.00 to the Defendant as soon as practicable upon the completion of the forfeiture of $256,020.00 in United States currency in either this criminal matter or in Northern District of Georgia civil case no. 4:11-CV-0287-HLM.

## Financial Cooperation Provisions

**Special Assessment**

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $~~200~~ 100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 600 East First Street, Rome, Georgia 30161. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

**Fine/Restitution - Terms of Payment**

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any

other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Disclosure of Assets**

The Defendant agrees to make a full accounting of all assets and other real and personal property in which Defendant has any legal or equitable interest. The Defendant further agrees that Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $1,000 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement should result in Defendant receiving no credit for acceptance of responsibility.

### Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the

Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

**Forfeiture**

The Defendant hereby waives and abandons all interest in any asset seized in connection with this case in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and the defendant agrees that the forfeiture shall be accomplished either administratively or judicially at the government's option. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, collateral attack, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

If the government elects to proceed administratively, the defendant hereby consents to the entry of a declaration of forfeiture and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant acknowledges that assets (listed or

unlisted in this agreement) may have been forfeited administratively prior to the execution of this agreement, and the defendant hereby waives any interest in such assets; all constitutional, legal, and equitable claims to such assets; and all defenses to the forfeiture of such assets in any proceeding, including proper notice, timeliness of the notice, innocent ownership, defenses arising in connection with any provision of 18 U.S.C. § 983, and excessive fines.

If the government elects to proceed judicially against any asset, by entering into this Plea Agreement, the defendant authorizes the Court to immediately enter a preliminary order of forfeiture against all property described by this agreement, and waives the requirements of Federal Rules of Criminal Procedure 7, 11, 32.2, 41, and 43 as they apply in any manner to any forfeiture issue. If the forfeiture is to be accomplished in a parallel civil action, the defendant authorizes the court to the entry of a civil Judgment and Order of Forfeiture without further notice to him and waives all defenses to forfeiture as described above, including, the requirements of 18 U.S.C. §§ 983 and 985, Rule 4 of the Federal Rules of Civil Procedure, and Supplemental Rule G(4), regarding notice of seizure in judicial forfeiture matters.

## **No Other Agreements**

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 17th day of January, 2013.

_____
SIGNATURE (Attorney for Defendant)
Christopher Twyman

_____
SIGNATURE (Assistant U.S. Attorney)
Cassandra Schansman

_____
SIGNATURE (Approving Official)
G. Scott Hulsey

1/16/13
DATE

_____
SIGNATURE (Defendant)
JESSE VIOLANTE

      I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____         _1-17-2013_____

SIGNATURE (Defendant)                                                            DATE

I am JESSE VIOLANTE's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____         _1-17-2013_____

SIGNATURE (Defense Attorney)                             DATE

INFORMATION BELOW MUST BE TYPED OR PRINTED

Christopher Twyman
NAME (Attorney for Defendant)

711 BROAD ST
STREET

ROME GA 30161
CITY & STATE   ZIP CODE

PHONE NUMBER 706-291-2002

STATE BAR OF GEORGIA NUMBER 720660

Filed in Open Court

_____

By _____


JESSE VIOLANTE
NAME (Defendant)

13385 107th st
STREET

Felsmere FL 32948
CITY & STATE   ZIP CODE

PHONE NUMBER 772-473-0741

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 4:11-CR-22-RLV |
| DEFENDANT'S NAME: | JESSE VIOLANTE |
| PAY THIS AMOUNT: | $100 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    ***PERSONAL CHECKS WILL NOT BE ACCEPTED***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk, U.S. District Court
    600 East First Street
    Rome, Georgia  30161

    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA